**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MATTHEW JONES, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| CIRCOR INTERNATIONAL, INC., | ) **FEDERAL SECURITIES LAWS** |
| HELMUTH LUDWIG, SAMUEL R. CHAPIN, | ) |
| TINA M. DONIKOWSKI, BRUCE M. | ) JURY TRIAL DEMANDED |
| LISMAN, TONY NAJJAR, JOHN | ) |
| O'DONNELL, and JILL D. SMITH, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Matthew Jones ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against CIRCOR International, Inc. ("CIRCOR" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed sale of the Company to Kohlberg Kravis & Roberts & Co. L.P. ("KKR").[1]

2. On June 5, 2023, CIRCOR entered into an Agreement and Plan of with Cube

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

BidCo, Inc. ("Parent"), and Cube Merger Sub, Inc., a wholly owned subsidiary of Parent ("Merger Sub") (as amended on June 26, 2023 and June 29, 2023, the "Merger Agreement").[2] The Merger Agreement provides that CIRCOR stockholders will receive $56.00 in cash per share of CIRCOR common stock, plus an additional "ticking fee" of up to $1 per share if the transaction has not closed by October 31, 2023.

3. The Company's corporate directors subsequently authorized the July 17, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Parent and Merger Sub are affiliates of investment funds managed by KKR.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for August 24, 2023.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of CIRCOR common stock.

10. Defendant CIRCOR is a Delaware corporation with its principal executive offices located at 30 Corporate Drive, Suite 200, Burlington, Massachusetts 01803. CIRCOR's shares trade on the New York Stock Exchange under the ticker symbol "CIR." CIRCOR is a provider of mission critical products and services for the Industrial and Aerospace & Defense markets. The Company has a product portfolio of market-leading brands serving its customers' most demanding applications. The Company markets its solutions directly and through various sales partners to approximately 14,000 customers in approximately one hundred countries. Headquartered in Burlington, Massachusetts, CIRCOR has a global presence, with approximately 3,060 employees.

11. Defendant Helmuth Ludwig ("Ludwig") is and has been Chair of the Board and a director of the Company at all times relevant hereto.

12. Defendant Samuel R. Chapin ("Chapin") is and has been a director of the Company at all times relevant hereto.

13. Defendant Tina M. Donikowski is and has been a director of the Company at all times relevant hereto.

14. Defendant Bruce M. Lisman ("Lisman") is and has been a director of the Company at all times relevant hereto.

15. Defendant Tony Najjar ("Najjar") has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

16. Defendant John O'Donnell is and has been a director of the Company at all times relevant hereto.

17. Defendant Jill D. Smith is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On June 5, 2023, CIRCOR, Parent and Merger Sub entered into an initial Agreement and Plan of Merger (the "Original Merger Agreement"), pursuant to which KKR would acquire the Company for $49.00 per share through its affiliates.

20. On June 15, 2023, Arcline Investment Management LP ("Arcline") submitted an unsolicited proposal to acquire the Company for $52.65 in cash.

4

21. On June 25, 2023, KKR proposed to increase the merger consideration and the next day the parties entered into an amendment to the Original Merger Agreement (the "First Amended Merger Agreement"), pursuant to which Company stockholders would receive $51.00 per share in cash.

22. On June 28, 2023, Arcline submitted a second unsolicited proposal to acquire the Company for $57.00 per share in cash. KKR thereafter again increased its proposal, and on June 29, 2023, offered to acquire the Company for $56.00 per share in cash, and a ticking fee of up to $1.00, the terms reflected in the Merger Agreement.

23. On June 29, 2023, the Board accepted KKR's revised proposal. Prior to the execution of the Merger Agreement, however, Arcline submitted a further revised proposal, contemplating consideration of $57.00 per share and a ticking fee of up to $1.50 per share (the "June 29 Arcline Revised Proposal"). Thereafter, a committee of the Board (the "Committee") determined to not take any action with respect to the June 29 Arcline Revised Proposal and the parties executed the Merger Agreement.

24. Following the execution of the Merger Agreement on June 29, 2023, the Company announced in relevant part:

> BURLINGTON, Mass.--(BUSINESS WIRE)--CIRCOR International, Inc. ("CIRCOR" or the "Company") (NYSE: CIR) today announced that it has amended its definitive merger agreement (the "Amended Agreement") with affiliates of investment funds managed by KKR (such affiliates are referred to herein as "KKR") to acquire the Company for $56.00 per share in cash, an increase of 9.8% over KKR's bid of $51.00 per share on June 26, 2023, and a 76.8% premium to the Company's unaffected stock price on June 2, 2023. KKR will provide a full equity backstop for the consummation of the merger.
>
> Under the terms of the Amended Agreement, in addition to receiving $56.00 per share, CIRCOR stockholders will, subject to certain conditions, receive additional cash consideration from KKR if the transaction has not closed by October 31, 2023. The maximum aggregate amount of the "ticking fee" would

be $1 per share, with the actual amount accruing on a prorated daily basis between November 1, 2023 and December 31, 2023, subject to adjustment if the filing of the CIRCOR proxy statement, prepared in connection with the merger, is delayed.

CIRCOR's Board of Directors (the "Board") received the Amended Agreement from KKR on June 29, 2023, following receipt of an unsolicited, binding acquisition proposal from Arcline Investment Management LP ("Arcline") to acquire CIRCOR for $57.00 in cash. Consistent with its fiduciary responsibilities, the Board, in consultation with its outside legal and financial advisors, carefully reviewed the unsolicited proposal and the further amended proposal from KKR.

The CIRCOR Board unanimously concluded that the difference in price contemplated by the Arcline proposal is more than offset by the increased deal certainty associated with KKR's Amended Agreement. KKR's Amended Agreement also offers greater financing certainty and a clearer and faster path to receiving anticipated antitrust approvals. In the Board's view, the time value of money considerations, along with KKR's ticking fee, more than sufficiently addresses the $1 difference in the price per share.

The Company expects to file preliminary proxy materials with the U.S. Securities and Exchange Commission next week, which will provide further detail regarding the Board's decision, its strategic progress, and additional information related to the Amended Agreement.

"The Board unanimously believes that KKR's revised and enhanced proposal is in the best interests of our stockholders, provides certainty of closing on an expedited timetable, and significantly benefits our employees, customers and other stakeholders around the world," said CIRCOR Board Chair Helmuth Ludwig. "Throughout this process, we have focused singularly on unlocking the incremental value of this outstanding global organization. With the additional value, anticipated timely closing and a clear and direct regulatory path, the KKR agreement achieves that commitment."

The Board unanimously supports the Amended Agreement with KKR and recommends that stockholders vote in favor of the amended KKR transaction. The transaction remains on track to close in the fourth quarter of 2023, and KKR and CIRCOR submitted their Hart-Scott-Rodino filings on June 20, 2023. The transaction remains subject to the receipt of approval from the Company's stockholders and certain required regulatory approvals, as well as the satisfaction of other customary closing conditions.

**Advisors**

Evercore, J.P. Morgan Securities LLC, and Ropes & Gray LLP are serving as advisors to CIRCOR.

**The Materially Incomplete and Misleading Proxy Statement**

25. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on July 17, 2023  The Proxy Statement, which recommends that CIRCOR stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) CIRCOR's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisors, Evercore Group LLC ("Evercore") and J.P. Morgan Securities LLC ("J.P. Morgan"); (c) potential conflicts of interest faced by Evercore and Company insiders; and (d) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

26. The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including segment-level forecasts for CIRCOR's "Industrial business" or "Aerospace & Defense business."[4]

27. The Proxy Statement further fails to disclose when the Board approved the "Management Forecasts" used in connection with Evercore's and J.P. Morgan's fairness opinions.

28. The Proxy Statement also fails to disclose any of the projections provided to the

---

[4] *See* Proxy Statement at 48.

Board or its financial advisors during meetings held during the process leading to the Merger Agreement.[5]

***Material Misrepresentations and/or Omissions Concerning the Financial Analyses Performed by Evercore and J.P. Morgan***

29. The Proxy Statement fails to disclose material information concerning Evercore's financial analyses.

30. With respect to the *Discounted Cash Flow Analysis* performed by Evercore, the Proxy Statement fails to disclose: (a) the Company's terminal year estimate of unlevered free cash flow; (b) CIRCOR's terminal values; (c) the present value of federal net operating losses from the Company's estimated usage of net operating losses for the calendar year 2023; (d) the estimated after-tax pension and other post-employment benefits; (e) the Company's estimated net debt as of April 2, 2023; and (f) the Company's fully diluted outstanding shares.

31. With respect to the *Selected Public Company Trading Analysis* and *Selected Transactions Analysis* performed by Evercore, the Proxy Statement fails to disclose the respective individual multiples and financial metrics of the companies and transactions observed.

32. With respect to the *Equity Research Analyst Price Targets* analysis performed by Evercore, the Proxy Statement fails to disclose individual price targets observed their respective sources.

33. With respect to the *Premiums Paid Analysis* performed by Evercore, the Proxy

---

[5] This includes any iterations of CIRCOR management's five-year forecasts as considered by the Board at meetings held in September and October of 2022, as well as February 2023. It also includes the Company's five-year forecasts included in the confidential information provided to bidders in the first round of the process leading to the Merger Agreement.

Statement fails to disclose the transactions analyzed and their respective individual premia.

34. With respect to the *Discounted Cash Flow Analysis* performed by J. P. Morgan, the Proxy Statement fails to disclose: (a) the Company's terminal revenue; (b) the Company's terminal values; (c) the additional tax savings from the usage of net operating losses of the Company for the projections period; and (d) the Company's estimated net debt including tax-affected underfunded pension liabilities and other post-employment benefits obligations.

35. With respect to the *Public Trading Multiples* analysis and *Selected Transaction Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose the respective individual multiples and financial metrics of the companies and transactions observed.

*Material Misrepresentations and/or Omissions Concerning Potential Conflicts of Interest Affecting Company Insiders*

36. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of KKR's proposals or indications of interest mentioned management retention in the combined company or the right to purchase or participate in the equity of the combined company following the Proposed Transaction.

37. The Proxy Statement similarly fails to disclose the details of any discussions or negotiations concerning management participation in the combined company or the terms upon which certain of the Company's outstanding unvested restricted stock units would be replaced with awards of the surviving corporation.

38. The Proxy Statement further fails to disclose any information regarding the negotiation of the incentive equity it is expected that defendant Najjar, the Company's Chief Financial Officer Arjun Sharma, and the Company's General Counsel Jessica W. Wenzell, will receive in the combined company, including a "retention pool of restricted stock units in the

9

Surviving Corporation with an aggregate grant date fair value of $2.5 million" to be allocated among such executives by defendant Najjar.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

39. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction, including:

- Whether the full Board was informed of the June 29 Arcline Revised Proposal;

- If so, why the Board failed to reconvene to discuss the June 29 Arcline Revised Proposal;

- The Committee's (and Board's) basis for not evaluating whether the June 29 Arcline Revised Proposal was reasonably likely to constitute a Superior Proposal (as defined in the First Amended Merger Agreement); and

- Whether the Committee was authorized to make such a determination.

40. The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information," "Opinion of Evercore Group LLC," "Opinion of J.P. Morgan Securities LLC," "Background of the Merger," and "Interests of CIRCOR's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act

41. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and CIRCOR**

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. CIRCOR is liable as the issuer of these statements.

44. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

45. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

46. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

47. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

48. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

49. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants acted as controlling persons of CIRCOR within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of CIRCOR and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

52. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and

exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

54. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 4, 2023                               **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*